**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**February 18, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-30857
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JASON ROE,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 03-CR-78-L
--------------------

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jason Roe appeals the sentence he received on his guilty plea of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). We AFFIRM.

Roe's sole contention is that the district court erred by enhancing his sentence on the ground that he possessed the handgun in connection with another felony, possession of crack cocaine. Section 2K2.1(b)(5) of the Sentencing Guidelines authorizes a four-level increase in a defendant's offense level for such conduct. Roe relies on his own hearing testimony, in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

which he denied having possessed the crack, and the fact that the initial version of the police report erroneously stated that the crack was found on his person.

"This court reviews a district court's determination of witness credibility [for sentencing purposes] for clear error." United States v. Ocana, 204 F.3d 585, 593 (5th Cir. 2000). Moreover, "the defendant bears the burden of demonstrating that the information the district court relied on is 'materially untrue.'" Id. The Ocana court accepted the district court's credibility determinations even though there were inconsistencies in the government witnesses' testimony. Id.

Roe contends that the district court clearly erred in finding that he discarded the crack while being chased by Police Detective Coleman. However, the initial police report written by Officers Vincent and Franklin does not invalidate the version of the facts presented by Detective Coleman and ATF Agent Davenport, because the former two officers were not present when Coleman retrieved the crack. Moreover, although Roe denies having possessed the crack, his brief does not advert to the agent's testimony that Roe confessed that he had possessed it to sell. Thus the district court's finding that Roe possessed crack in connection with his firearm possession, based principally on the government witnesses' testimony, is not clearly erroneous.

AFFIRMED.